Mr. Reginald Rogers, Legal Counsel Arkansas Department of Health 4815 West Markham Street Little Rock, AR 72205-3836
Dear Mr. Rogers:
I am writing in response to a request for my opinion concerning the release of certain records under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.). This opinion is issued pursuant to A.C.A. 25-19-105(c)(3)(B) (Supp 2003), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General as to whether the custodian's decision regarding the release of personnel or employee evaluation records is consistent with the FOIA.
The records at issue are the rosters of newborn screening laboratory employees and their titles before March 1, 2005, and after April 1, 2005. The custodian has determined that the records are open to public inspection and copying.
RESPONSE
It is my opinion based upon the information before me that the custodian's decision is consistent with the FOIA.
This request is related to a previous request that was addressed in Attorney General Opinion 2005-074. The issue in that opinion was whether the records custodian at the Department of Health ("Department") had properly determined that records of a particular employee's name and salary are open to public inspection under the FOIA. I opined that the salary information is clearly open under the "personnel records" provision (A.C.A. 25-19-105(b)(12) (Supp 2003)), but that a fact question may exist as to whether release of the name under the particular circumstances would be contrary to the exemption for "employee evaluation or job performance records." (A.C.A. 25-19-105(c)(1)). I set forth a test for resolving that question, which required analysis of a previously released e-mail and any records in existence pertaining to the employee's job performance. See also Op. Att'y Gen. 2005-074A (clarifying the scope of Opinion 2005-074). I concluded the opinion by noting that the custodian of the records must undertake the necessary factual review and make the final decision whether a record of the employee's name is open under the FOIA.
I am informed that the custodian undertook this review in deciding to release the records at issue naming the employee, i.e., the employee rosters. That is, the custodian made the requisite factual determinations and applied the test identified in Opinion 2005-074. This process reportedly led the custodian to conclude that releasing the rosters did not equate to releasing job performance records, a possibility that was raised in the opinion.
This is determinative of the matter for purposes of this opinion. Once it is decided that the job performance exemption does not apply, it becomes clear in my opinion that the rosters are properly classified as "personnel records" that are open under A.C.A. 25-19-105(b)(12).[1] As I and my predecessors have consistently opined, the public has a significant interest in the identity of public employees. See Opinion2005-074 and opinions cited therein.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] I am not empowered as a factfinder, and therefore I am not in a position to evaluate the custodian's factual determination that the job performance exemption is inapplicable in this instance. An evaluation process of that nature could only be undertaken by a trier of fact, such as a judge or jury, with access to, and in full consideration of, all the relevant evidence.